UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISON

|  |  |
|---|---|
| ICSON JEANPIERRE SR. | ) ) ) ) |
| Plaintiffs(s), | ) ) |
| v. | ) ) |
| GRATEFUL RECORDS, INC., and COLIN BROWN | ) ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiff, ICSON JEANPIERRE SR. ("JeanPierre" or "Plaintiff"), sues the Defendants, GRATEFUL RECORDS, INC. ("Grateful"), and COLIN BROWN ("Brown") (collectively the "Defendants"), and alleges:

1. This is an action to recover money damages for unpaid minimum wage and salary under the laws of the United States and under Chapter 448, Florida Statutes. This is also an action under Florida common law and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiffs' state law claims are so related to the Federal claims that they form part of the same case or controversy.

4. The Corporate Defendant, Grateful Records, Inc. is a Florida for-profit corporation, which at all times relevant to this Complaint had its main place of business in Broward County, and at all times material hereto were and is engaged in interstate commerce.[1]

5. The Individual Defendant, Colin Brown is an individual whose primary place of residence is Broward County, Florida, and at all times relevant was Chief Executive Officer ("CEO") of the Grateful.

6. Plaintiff is a resident of Broward County, Florida, and is within the jurisdiction of this Honorable Court, and is a covered employee for purposes of the Act.

7. During his employment with Defendants Plaintiff's primary place of work was in Broward County Florida, within the jurisdiction of this Honorable Court.

8. The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

9. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

10. Plaintiff was hired and began working for Defendants in, August 2018, as Assistant to the CEO and remained in that role until March 6, 2020.

11. In his role as Assistant to the CEO Plaintiff was responsible for a variety of tasks including, but not limited to, booking artists, managing the company's email account, and interacting with individuals in the music industry on behalf of the company.

12. When he began working, Grateful was in its early stages, and Plaintiff's work and efforts were integral to its growth and development.

---

[1] According to an amendment filed on sunbiz.org on March 5, 2020, Grateful Records, Inc. has changed its principal address to Flagler County, FL

13. At all times, relevant Defendant Brown was the Grateful's CEO, and directly supervised Plaintiff, including setting his work hours, determining his compensation rate, and directing his day-to-day job responsibilities.

14. Defendant Brown agreed to pay Plaintiff a salary of $1,000 a week. However, because grateful was in its early stages of growth, there was not enough cash flow to initially pay Plaintiff the agreed upon amount.

15. Accordingly, Defendant Brown verbally committed to pay Plaintiff all that he was owed "once the company start[ed] making money."

16. With that understanding Plaintiff worked extremely long hours, nearly every day to help Grateful grow and become profitable.

17. On information and belief, Grateful became profitable in, our about, January 2019. Despite that Plaintiff was never paid for any of the work that he performed.

18. Plaintiff continued to work for Defendants without pay until his resignation on, or about, March 6, 2020.

19. While employed by Defendants, Plaintiff worked an average of eighty-four (84) hours per week.

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION BY PLAINTIFF

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff to recover from Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206.

22.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants are, at all times pertinent to this Complaint, engaged in interstate commerce.

23.     Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

24.     At all times material hereto, Defendants, failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendants but no provision was made by Defendants to properly pay his mandatory minimum wage rate required by the FLSA.

25.     From April 2018 through approximately March 6, 2020, Plaintiff worked approximately 84 hours per week but was not paid at all during his entire employment with Defendants, which means that Plaintiff was paid at the rate below the required minimum wage.

26.     Pursuant to the above-cited minimum wage provisions, Plaintiff should have received at least the following amounts:

> August 26, 2018 – December 31, 2018: $8.25 (applicable minimum wage rate) x 84 (hours worked per week) = $693 (weekly minimum wage) x 18 (number of weeks worked) = **$12,474.00**[2]
>
> 2019: $8.46 (applicable minimum wage rate) x 84 (hours worked per week) = $710.64 (weekly minimum wage) x 51 (number of weeks worked) = **$36,242.64**
>
> January 1, 2020 - March 6, 2020: $8.56 (applicable minimum wage rate) x 84 (hours worked per week) = $719.04 (weekly minimum wage) x 9 (number of weeks worked) = **$6,471.36**

---

[2] Plaintiff began working at the beginning of August 2018 for approximately 21 total weeks, however the time beyond the three-year period before August 26, 2018, is not recoverable under the FLSA.

27.     Defendants, therefore, owe Plaintiff at least **$55,188.00**, which represents the minimum wage Plaintiff was entitled to during the period in question and the amount Defendants should have paid for that period pursuant to the minimum wage provisions, plus an equal amount in liquidated damages, as provided by the FLSA.

28.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the FLSA and remain owing Plaintiff mandatory minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

29.     Defendants willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## COUNT II
## WAGE AND HOUR VIOLATION BY PLAINTIFF
## AGAINST COLIN BROWN

30.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

31.  At the times mentioned, Defendant Brown was, and is now, the CEO of Grateful. Defendant Brown was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of Grateful in relation to the employees of Grateful, including Plaintiff and others similarly situated. Defendant Brown had operational control of Grateful, was involved in the day-to-day functions of Grateful, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

32.  Defendant Brown is and was, at all times relevant, a person in control of Grateful's financial affairs and can cause Grateful to compensate (or not to compensate) its employees in accordance with the Act.

33.  Defendant Brown willfully and intentionally caused Plaintiff not to receive minimum wage as required by the laws of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with the Grateful as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant Brown on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## COUNT III
## UNPAID SALARY UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES

34. Plaintiffs re-adopt each factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

35. Plaintiff was employed by Defendants from approximately April 2018 through March 6, 2020.

36. Plaintiff was employed by Defendants as Assistant to the CEO. All the hours worked by Plaintiffs occurred in whole or in part in within the State of Florida.

37. Defendants agreed to pay Plaintiff a salary of $1000 per week for each week that he worked.

38. Plaintiff worked approximately eighty-one (81) weeks for Defendants from April 2018 to March 6, 2020.  However, Defendants failed to pay Plaintiff any money for the duration of his employment, despite agreed to salary of $1,000 per week.

39. Defendants owes Plaintiff $100,000.00 earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Plaintiff prevail on this claim.

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A. Award Back pay in the form of lost salary, including lost benefits, plus interest;

B. Award Costs of this action, together with reasonable attorneys' fees;

C. Award Post-judgment interest; and

D. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: August 26, 2021.

          Respectfully submitted,

          By: /s/ Brandon J. Gibson
          Brandon J. Gibson, Esquire
          Fla. Bar No.: 99411
          Email: bgibson@bjglawfirm.com
          THE LAW OFFICE OF BRANDON J. GIBSON, PLLC
          3800 Inverrary Blvd., Ste. 401-T
          Lauderhill, Florida 33319
          Telephone: (754) 229-1151
          Facsimile: (844) 761-1555
          Attorney for Plaintiff